IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM RITCHEY<br>R.D. 2 Box 1190<br>Claysburg, PA 16625<br>　　　　　Plaintiff<br><br>vs.<br><br>CONSOLIDATED RAIL<br>CORPORATION<br>Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19101<br><br>　　and<br><br>NORFOLK SOUTHERN<br>RAILWAY COMPANY<br>Three Commercial Place<br>Norfolk, VA 23514<br><br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br>CIVIL ACTION<br><br><br><br><br><br><br><br><br><br>NO. |

## COMPLAINT

1.　　The Plaintiff, William Ritchey, is a competent adult individual residing at R.D. 2 Box 1190, Claysburg, Pennsylvania 16625.

2.　　The Defendant, Consolidated Rail Corporation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose principal place of business and address for service of process is Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19101.

3.　　The Defendant, Norfolk Southern Railway Company, is a corporation organized and existing under the laws of the State of Virginia, whose principal place of business and

address for service of process is Three Commercial Place, Norfolk, Virginia 23514. Norfolk Southern Railway Company is a common carrier by rail doing business in Philadelphia, Pennsylvania and is liable to the Plaintiff as his employer under the Federal Employers' Liability Act.

4. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

5. At all times material hereto, the Defendant, Consolidated Rail Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Pennsylvania and other states of the United States.

6. At all times material hereto, the Defendant, Norfolk Southern Railway Company, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Pennsylvania and other states of the United States.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by the Defendants and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

9. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

10. The Plaintiff has been employed by the Defendants from January 1973 through and including the present as a machinist and, while working within the scope of his employment in and around Hollidaysburg and Juniata, Pennsylvania was exposed to excessive and harmful cumulative trauma to his feet and knees due to standing on hard surfaces and walking on uneven or unlevel ballast with which he performed his work for the Defendants.

11. Less than three years before this action was filed, Plaintiff discovered that he suffered from occupational injuries as a result of repetitive occupational trauma to his feet and knees, which required surgery, and until such time, Plaintiff was reasonably ignorant as to same.

12. The injuries and disabilities of the Plaintiff were caused by exposure to excessive repetitive trauma to his feet and knees while working for the Defendant.

13. The aforesaid injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    (a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60;

(b)  in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to his feet and knees;

(c)  in failing to provide Plaintiff with safe places to walk and with ballast of proper size and properly maintained;

(d)  in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the feet and knees; and failing to take appropriate action, including advising Plaintiff as to the test results;

(e)  in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with and around repetitive trauma to his feet and knees;

(f)  in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to the feet and knees when it knew or should have known of the risks thereof;

(g)  in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(h)  in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the feet and knees;

(i)  in negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the feet and knees;

(j)  in negligently failing to employ safe working practices;

    (k)    in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the feet and knees;

    (l)    in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

    (m)    in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

    (n)    in negligently failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering a repetitive trauma injury; and,

    (o)    in negligently failing to use due care and caution required under the circumstances.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupation, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which will continue in the future.

15. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which will continue in the future.

16. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life past, present and future.

17. As a direct result of the Defendant's negligence through its agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury and disability to his feet and knees. due to the repetitive climbing in/out of rail cars and continually walking on ballast, with which he performed his work for the Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants, in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

Plaintiff demands trial by jury.

HANNON & PALERMO P.C.

Dated: September 14, 2006

gjh3456
GREGORY JOHN HANNON, ESQUIRE
Attorney for Plaintiff
Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106-3323
(215) 446-4460